Citation Nr: 1554509 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 08-25 715 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Entitlement to service connection for sleep apnea. 

2. Entitlement to service connection for peripheral neuropathy of the right upper extremity. 

3. Entitlement to service connection for peripheral neuropathy of the left upper extremity. 


REPRESENTATION

Appellant represented by: Alabama Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

James G. Reinhart, Counsel


INTRODUCTION

The Veteran served on active duty from April 1960 to July 1968 and from October 1978 to December 1991. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a September 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama. The RO is the Agency of Original Jurisdiction (AOJ). 

In September 2013, the Veteran testified via videoconference at a hearing before the undersigned. A transcript of that hearing is of record. 

In December 2013 and again in November 2014, the Board remanded the issues currently on appeal to the AOJ for additional development. Following the November 2014 Remand, the AOJ granted service connection for peripheral neuropathy of each lower extremity, as due to the Veteran's diabetes mellitus in a September 2015 rating decision. Claims for service connection for a cervical spine disorder and gout had also been previously granted in a September 2014 rating decision.

In a December 2014 rating decision, the AOJ granted service connection for diabetes mellitus. On April 1, 2015, VA received a statement signed by "F.H.," M.D. that addresses the severity of the Veteran's diabetes mellitus. It does not appear that the AOJ has addressed this evidence, which was received within one year of the grant of service connection and an initial rating for diabetes mellitus. This is referred to the AOJ for appropriate action. 

The issue of entitlement to service connection for sleep apnea is addressed in the REMAND portion of the decision below and is REMANDED to the AOJ. 


FINDINGS OF FACT

1. The Veteran has not had peripheral neuropathy of the right upper extremity. 

2. The Veteran has not had peripheral neuropath of the left upper extremity. 


CONCLUSIONS OF LAW

1. The criteria for service connection for peripheral neuropathy of the right upper extremity have not all been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015). 

2. The criteria for service connection for peripheral neuropathy of the left upper extremity have not all been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2015). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Due Process

VA has a duty to notify and assist claimants in substantiating claims for VA benefits. See eg. 38 U.S.C.A. §§ 5103, 5103A (West 2014) and 38 C.F.R. § 3.159 (2015). In the instant case, VA provided adequate notice in a letter sent to the Veteran in March 2006. 

VA has a duty to assist a claimant in the development of a claim. This duty includes assisting the claimant in the procurement relevant treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

The Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). Service, VA, and private provider treatment records are associated with the claims file. VA provided an adequate examination with regard to the peripheral neuropathy issues in May 2015. There has been compliance with the directives of the Board's Remands with regard to the peripheral neuropathy issues. 

There is no indication of additional existing evidence that is necessary for a fair adjudication of the peripheral neuropathy claims. Hence, no further notice or assistance to the Veteran is required to fulfill VA's duty to assist as to these claims. 


Service Connection - Peripheral Neuropathy

In a January 2006 statement, the Veteran claimed entitlement to service connection for neuropathy of the upper and lower extremities. 

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303(a) (2014). "To establish a right to compensation for a present disability, a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"- the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

During the September 2013 hearing, the Veteran testified that he was not sure as to what was meant by a diagnosis of peripheral neuropathy but that he did have numbness in his left leg, but not his right leg, and had tingling and burning in his hands at times. 

Treatment notes do not document any upper extremity neurological symptoms. For example, August 2013 clinic notes from UAB Health System document the results of a general admission history and physical examination, and indicate that he reported no numbness or tingling and the examination included that the Veteran had normal neurological sensory and motor function. 

A September 2014 VA medical opinion includes a statement that it is less likely than not that the Veteran's claimed DM (diabetes mellitus) was incurred in or directly related to his active service. The opinion goes on to state as follows: 

In the alternative, it is as least as likely as not that peripheral neuropathy relates to, and aggravated (sic) by DM. However, it would be mere speculation to assume the diagnosis and clinical symptomatology of peripheral neuropathy without additional medically-based, clinical evidence to support the Veteran's claimed peripheral neuropathy and detailed information on the multiple therapies related to Melanoma treatment that may attribute to the onset of peripheral neuropathy. 

Further along in the document, the examiner states that "it is as least as likely as not that DM is nexus to and caused upper and lower peripheral neuropathy." The examiner goes on to explain that diabetes mellitus is a common cause of polyneuropathy. Service connection has since been granted for diabetes mellitus.

What is missing from this opinion, and acknowledged by the examiner, is evidence that the Veteran has peripheral neuropathy of any extremity. Thus, in November 2014, the Board remanded the issues of peripheral neuropathy of any extremity for an adequate examination. 

VA provided a peripheral nerve conditions examination in May 2015. The examiner indicated that his claims file was not reviewed but also indicated that the military service treatment records, VA treatment records, and Veterans Benefits Management System (VBMS) electronic records were reviewed. The Veteran's claims file is stored electronically in VBMS; there is no hardcopy. It is clear that the examiner reviewed the Veteran's claims file the VBMS electronic records. The statement of review of the VBMS records is a statement of review of his claims file. 

In a "Diagnosis" section of the report, the examiner indicated that the Veteran does not have a peripheral nerve condition or peripheral neuropathy. According to the report, the Veteran complained of lower extremity neurologic symptoms. He was found to have symptoms of both lower extremities but no symptoms of either upper extremity. The only nerves that the examiner indicated were affected were nerves of the lower extremities. The examiner affirmatively indicated that nerves of the upper extremities were normal. 

Private provider medical evidence is in agreement with those findings. In a May 2015 statement, "J.B.," M.D., a neurologist, explained that the Veteran had been evaluated at the University of Alabama-Birmingham Department of Neurology Outpatient Clinics and diagnosed with diabetes related peripheral neuropathy of both feet and legs. If the Veteran had upper extremity peripheral neuropathy it is highly likely that Dr. J.B. would have so commented. It is noted that the AOJ granted service connection for peripheral neuropathy of both lower extremities in a September 2015 rating decision. 

The Board finds the medical evidence to be more probative than the Veteran's assertion that he has peripheral neuropathy of his upper extremities, to include his testimony of tingling and burning of his hands. This is because, although he may experience tingling and burning of his hands, medical professionals are more knowledgeable as to what constitutes peripheral neuropathy than is the Veteran. 

For these reasons, the Board finds that the preponderance of evidence shows that the Veteran has not had peripheral neuropathy of either upper extremity during at any time since from contemporaneous to when he filed his claims to the present. As the current disability element of his claims is not met, the appeal as to the peripheral neuropathy issues must be denied. There is no reasonable doubt to be resolved with regard to these issues. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. 


ORDER

Entitlement to service connection for peripheral neuropathy of the right upper extremity is denied. 

Entitlement to service connection for peripheral neuropathy of the left upper extremity is denied. 


REMAND

The Board remanded the sleep apnea issue to the AOJ in November 2014 to obtain an adequate medical opinion as to whether the Veteran's sleep apnea was caused or aggravated by his service-connected hypertension, kidney disease, and/or diabetes mellitus and to specifically address any medical literature that acknowledges any causal connection between hypertension, kidney disease, or diabetes mellitus and sleep apnea. The reason that the Board asked for acknowledgment of any causal connection between hypertension, kidney disease, or diabetes mellitus and sleep apnea is because the Veteran asserted that a physician advised him that there was medical literature supporting such association. 

The May 2015 report provided in response to the Board's November 2014 Remand is inadequate. The examiner concluded that it was less likely than not that the Veteran's sleep apnea was proximately due to or the result of his service connected condition. The reasoning for this conclusion was as follows: 

According to National Heart, Lung, and Blood Institute sleep apnea is caused when the throat muscles and tongue relax more than normal or the tongue and tonsils are large compared with the opening into the windpipe, obesity or being overweight which is associated with soft tissue of the mouth and throat. Soft tissue can cause the airway to become blocked. The shape of the head and neck may cause a smaller airway size in the mouth and throat area. The aging process limits your brain signals ability to keep your throat muscles stiff during sleep. Thus, your airway is more likely to narrow or to collapse. Not enough air flows into your lungs if your airway is partially or fully blocked during sleep. As a result, loud snoring and a drop in your blood oxygen level can occur. Frequent drops in blood oxygen level and reduced sleep quality trigger the release of stress hormones, that raise the heart rate and increase risk for hypertension, heart attacks, arrythmias, heart failure or worsen heart failure. Untreated sleep apnea can lead to changes in how your body uses energy; that can lead to increased risk for obesity and diabetes. Sleep Apnea can cause the development or aggravate conditions such as hypertension, heart failure, strokes, heart attacks, diabetes mellitus, GERD, etc. Therefore it is not at least as likely the sleep apnea was caused or aggravated by the veteran's service connected hypertension, kidney disease, and/or diabetes mellitus.

The opinion lists the causes of sleep apnea as stated by the National Heart, Lung, and Blood Institute and then concludes that the Veteran's sleep apnea is not at least as likely caused or aggravated by his hypertension, kidney disease, and/or diabetes mellitus. The opinion does not include sufficient rationale for the conclusion as to causation and there is no supporting rationale for the conclusion that the Veteran's hypertension, kidney disease, and/or diabetes mellitus have not aggravated his sleep apnea. 

Also problematic is that the examiner may have technically addressed the medical literature regarding a link between sleep apnea and the Veteran's service-connected disabilities but the link that the Board was concerned with was causation or aggravation of his sleep apnea by his service-connected disabilities, not the other way around. Because the opinion is not adequate, another remand is necessary. 

Accordingly, the case is REMANDED for the following action:

1. Obtain an addendum to the May 2015 sleep apnea opinion from the examiner who provided the opinion. If that examiner is not available, obtain an opinion from a different medical professional. The examiner must review the claims file and accomplish the following: 

(a) Provide a medical opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran's sleep apnea was caused by his hypertension, kidney disease, and/or diabetes mellitus. The examiner must conduct a search for and address any medical literature that supports causation of sleep apnea by hypertension, kidney disease, and/or diabetes mellitus. The examiner must provide reasoning to support any conclusion reached as far as the medical opinion requested. Reasoning that consists of citing to a source for causes of sleep apnea and then concluding that sleep apnea is not caused by hypertension, kidney disease, and/or diabetes mellitus because the source does not list those as causes will not be considered adequate supporting reasoning. Rather, the examiner must explain why he or she arrives at the whatever conclusion is expressed. 

(b) If the examiner concludes that the Veteran's sleep apnea was not caused by his hypertension, kidney disease, and/or diabetes mellitus, then the examiner must provide a medical opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran's sleep apnea has been chronically worsened beyond its natural progression by his hypertension, kidney disease, and/or diabetes mellitus. The examiner must conduct a search for and address any medical literature that supports chronic worsening of sleep apnea by hypertension, kidney disease, and/or diabetes mellitus. The examiner must provide reasoning to support any conclusion reached, reasoning that consists of citing to a source for causes of sleep apnea will not be considered adequate supporting reasoning for a conclusion regarding chronic worsening beyond the natural progression of the sleep apnea.

2. The AOJ must review the medical opinion obtained in light of this Remand. If the opinion is not adequate, the AOJ must take immediate corrective action. 

3. Then readjudicate the claim of entitlement to service connection for sleep apnea. If the benefit sought is not granted in full, furnish to the Veteran and his representative a supplemental statement of the case and allow an appropriate opportunity to respond thereto before returning the issue to the Board, if otherwise in order. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
Michael J. Skaltsounis
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs